TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Jennifer Tuchscherer

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Tuchscherer, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Thunderbird Collection Specialists, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Jennifer Tuchscherer, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Jennifer Tuchscherer (hereafter "Plaintiff"), is an adult individual residing in Tucson, Arizona 85745, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Thunderbird Collection Specialists, Inc. (hereafter "TCS"), is a company with an address of 3200 North Hayden Road, Suite 100, Scottsdale, Arizona 85251, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6.     Does 1-10 (the "Collectors") are individual collectors employed by TCS and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     TCS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiff allegedly incurred a financial obligation in the approximate amount of $10,439.38 (the "Debt") to Summit Healthcare (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to TCS for collection, or TCS was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. TCS Engages in Harassment and Abusive Tactics

12.    Within the last year, TCS began calling Plaintiff in an attempt to collect the Debt.

13.     TCS also called Plaintiff's stepdaughter's residential telephone number in an attempt to collect the Debt.

3

14.     Plaintiff instructed TCS to cease calls to her stepdaughter's landline and to contact Plaintiff at her cellular number only.

15.     Plaintiff further instructed TCS that she would contact TCS when she was able to make payment arrangements to satisfy the Debt.

16.     Despite Plaintiff's requests, TCS continued calling Plaintiff's stepdaughter's telephone number on multiple occasions.

17.     On at least three occasions in May of 2013, TCS left messages on Plaintiff's stepdaughter's telephone, stating that "Thunderbird Collection Specialists" was calling for Plaintiff.

18.     On several occasions, TCS failed to inform Plaintiff that the call was an attempt to collect the Debt and that all information obtained would be used for that purpose.

19.     Plaintiff informed TCS that she could not afford to pay the Debt in full; however, she offered to make monthly payments in the amount of $80.00 in an effort to reduce the amount owed and to cease collection activity.

20.     TCS refused Plaintiff's offer and demanded immediate repayment of the Debt in full.

21.     TCS threatened to garnish Plaintiff's wages if the Debt was not paid immediately.

4

22.     At the time TCS threatened garnishment, it had not obtained a judgment against Plaintiff; therefore, it had no present ability or legal authority to garnish Plaintiff's wages.

23.     During one conversation, Plaintiff became intimidated by TCS's representative, Sean May, and Plaintiff asked her husband to speak with Mr. May.  When Plaintiff's husband stated that TCS was unable to legally garnish Plaintiff's wages at the time, Mr. May threatened Plaintiff and her husband, telling them to wait and see what he could do because he knew that they worked for Circle K and could find out the exact store where they worked.

24.     TCS spoke with Plaintiff in a loud and aggressive manner in an effort to intimidate Plaintiff into making an immediate payment.

### C. <u>Plaintiff Suffered Actual Damages</u>

25.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

26.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

27.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

5

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, *et seq.*

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Defendants contacted third parties for purposes other than to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

30.     The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

31.     The Defendants contacted third parties more than once without being requested to do so by the Plaintiff, in violation of 15 U.S.C. § 1692b(3).

32.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

33.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

34.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

35.     The Defendants misrepresented the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

36.  The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

37.  The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

38.  The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

39.  The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

40.  The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

41.  The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.  The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44.  Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

45.     The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls.

46.     The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

47.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

49.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: June 27, 2013                                LEMBERG & ASSOCIATES, LLC


By:___*/s/  Trinette G. Kent*_____
Trinette G. Kent

Attorney for Plaintiff,
Jennifer Tuchscherer

9